IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| Commercial Metals Company, | § § § | |
| Plaintiff, | § § | Civil Action No. 8-09-CV-0047-N |
| v. | § § | ECF |
| JPMorgan Chase Bank, N.A. | § § § | |
| Defendant. | § § § | |

## Order Extending Temporary Restraining Order and Scheduling Briefing for Application for Preliminary Injunction

On the 14th day of January, 2009, the Court considered Commercial Metals' Unopposed Motion to Extend Temporary Restraining Order.

After considering the pleadings and arguments of counsel, the Court finds the motion meritorious and GRANTS the Commercial Metals' Unopposed Motion to Extend Temporary Restraining Order and hereby extends the relief granted in the Temporary Restraining Order until Monday, February 9, 2009 at 5:00 p.m. Central Standard Time.

IT IS THEREFORE ORDERED THAT:

The Temporary Restraining Order granted by the 192nd District Court of Dallas County on December 17, 2008, attached hereto as Exhibit A and incorporated herein by reference for all purposes, is hereby EXTENDED and remains in full force and effect without any modification until Monday, February 9, 2009 at 5:00 p.m. Central Standard Time.

IT IS FURTHER ORDERED THAT the bond submitted on behalf of Plaintiff in the amount of $10,000.00 (which a copy of said bond is filed with the clerk of the 192nd District Court of Dallas County and attached hereto as Exhibit B) shall be deemed adequate security for

the payment of such costs and damages which may be incurred by Defendant if this extension is found to have been improvidently granted.

IT IS FURTHER ORDERED that the Court adopts the following schedule for Commercial Metals' Application for Preliminary Injunction.

- January 16, 2009 – Commercial Metals files its Application for Preliminary Injunction and brief in support.
- January 23, 2009 – JPMC files its Response to Commercial Metals' Application for Preliminary Injunction and brief in support.
- January 30, 2009 – Commercial Metals files its Reply to its Application for Preliminary Injunction and brief in support.
- February 9, 2009 at 4:00 p.m. – Court hearing on Application for Preliminary Injunction, to be cancelled as unnecessary if the Court has ruled prior to February 9, 2009.

The purpose of the hearing shall be to determine whether this temporary restraining order should be made a preliminary injunction pending a full trial on the merits.

SIGNED ON THIS 14 day of January, 2009.

_____
Honorable David C. Godbey

# Exhibit A

NO. 08-15673

| | | |
|---|---|---|
| COMMERCIAL METALS COMPANY, § | | IN THE DISTRICT COURT |
| Plaintiff, § | | |
| v. § | | DALLAS COUNTY, TEXAS |
| JPMORGAN CHASE BANK, N.A., § | | |
| Defendant. § | | K-192 JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

On the 17th day of December, 2008, the Court considered Plaintiff's verified Original Petition for Declaratory and Injunctive Relief ("Petition").

After considering the papers and evidence submitted in connection with the Petition, the Court finds that, in the absence of injunctive relief, Defendant will honor presentations that Compania Espanola de Laminacion S.L., Poligono Industrial ("Beneficiary") or its bank made to Defendant under Letter of Credit No. TGTI-571827, under which Plaintiff is obligated as the applicant and account party. The Court also finds that Plaintiff is likely to succeed on the merits of its claim that the honoring of the presentations would violate the terms of the Letter of Credit and/or facilitate a material fraud by Beneficiary on Plaintiff and/or Defendant.

The Court further finds (1) that harm is imminent because Defendant has taken the position that, unless enjoined by court order, it will honor the presentations without further action or input from Plaintiffs; (2) that, in the absence of injunctive relief, Plaintiff will suffer irreparable harm because the proceeds of the letter of credit will be paid to Beneficiary or its bank in Spain, where said proceeds will be beyond the jurisdiction of this Court; and (3) that, in the absence of injunctive relief, Plaintiff will have no adequate remedy at law because any

remedy Plaintiff would have to pursue against Beneficiary or its bank in Spain would not be as complete, practical, and efficient to the ends of justice and its prompt administration.

Finally, the Court finds that Plaintiff gave Defendant notice of the Petition before filing it with the Court.

IT IS THEREFORE ORDERED that:

Defendant, its officers, agents, servants, employees and attorneys, and any such persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from, directly or directly, honoring any presentations made by Beneficiary, Beneficiary's agent, Beneficiary's bank, or any successor to Beneficiary's interest under Letter of Credit No. TGTI-571827, before such time as such presenting person's right to the proceeds of the letter of credit is fully and finally adjudicated.

IT IS FURTHER ORDERED that the Clerk of the Court shall, on the filing of a bond hereinafter required, and on approving same according to law, issue a temporary restraining order in conformity with the law and the terms of this Order.

IT IS FURTHER ORDERED that the Clerk of the Court issue notice to Defendant that the hearing on Plaintiff's application for temporary injunction is set for _Dec. 31_, 2008 at _9:0 0_ a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

IT IS FURTHER ORDERED that bond is set at $ _10,000.00_.

IT IS FURTHER ORDERED that this temporary restraining order will expire on 12/31, 2008, unless extended by agreement of the parties or further order of this Court.

SIGNED ON THIS 17th day of December, 2008 at 1:50 a.m/p.m.

_____
HONORABLE JUDGE PRESIDING

# Exhibit B

NO. 08-15673

| | | |
|---|---|---|
| COMMERCIAL METALS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>DALLAS COUNTY, TEXAS<br><br><br>192 JUDICIAL DISTRICT |

*FILED 08 DEC 17 PM 2:28 GARY FITZSIMMONS DISTRICT CLERK DALLAS CO. TEXAS DEPUTY*

## BOND FOR TEMPORARY RESTRAINING ORDER

STATE OF TEXAS       §
                     §
COUNTY OF DALLAS     §

On December 17, 2008, the Court signed a Temporary Restraining Order ("TRO") restraining JPMorgan Chase Bank, N.A., its officers, agents, servants, employees and attorneys, and any such persons in active concert or participation with them who receive actual notice of the TRO. As a condition of the TRO, the Court required Plaintiff to file a bond in the sum of $10,000.00. Therefore, Commercial Metals Company, as principal, and Hartford Casualty Insurance Company, as surety, acknowledge that they are bound to pay to JPMorgan Chase Bank, N.A. an amount not to exceed $10,000.00 for all damages and costs, if any, the Court may grant JPMorgan Chase Bank, N.A. if the TRO is dissolved on the ground that Commercial Metals Company wrongfully enjoined JPMorgan Chase Bank, N.A.

WITNESS our hands on the ___ day of December, 2008.

PRINCIPAL:
Commercial Metals Company

By: _____
Its Attorney

SURETY:
Hartford Casualty Insurance Company

By: _____
Attorney-in-Fact

APPROVED: the 17 day of December, 2008

District Clerk, Dallas County, Texas

By: _____
Deputy

D-1704926_1.DOC

BOND FOR TEMPORARY RESTRAINING ORDER                                    Page 2

**THE HARTFORD**
HARTFORD PLAZA
HARTFORD, CONNECTICUT 06115

| [ ] Hartford Fire Insurance Company | [ ] Twin City Fire Insurance Company |
| [X] Hartford Casualty Insurance Company | [ ] Hartford Insurance Company of Illinois |
| [ ] Hartford Accident and Indemnity Company | [ ] Hartford Insurance Company of the Midwest |
| [ ] Hartford Underwriters Insurance Company | [ ] Hartford Insurance Company of the Southeast |

KNOW ALL PERSONS BY THESE PRESENTS THAT the *Hartford Fire Insurance Company, Hartford Accident and Indemnity Company* and *Hartford Underwriters Insurance Company*, corporations duly organized under the laws of the State of Connecticut; *Hartford Insurance Company of Illinois*, a corporation duly organized under the laws of the State of Illinois; *Hartford Casualty Insurance Company, Twin City Fire Insurance Company* and *Hartford Insurance Company of the Midwest*, corporations duly organized under the laws of the State of Indiana; and *Hartford Insurance Company of the Southeast*, a corporation duly organized under the laws of the State of Florida; having their home office in Hartford, Connecticut, (hereinafter collectively referred to as the "Companies") do hereby make, constitute and appoint, *up to the amount of $100,000:*

*Donald C. Templin, Nina Cortell, Noel M.B. Hensley, Robert D. Albergotti, Robin P. Hartmann*
of
*Dallas, TX*

their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety(ies) only as delineated above by [X], and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof, on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, and as authorized by a Resolution of the Board of Directors of the Companies on September 12th, 2000, the Companies have caused these presents to be signed by its Assistant Vice President and its corporate seals to be hereto affixed, duly attested by its Assistant Secretary. Further, pursuant to Resolution of the Board of Directors of the Companies, the Companies hereby unambiguously affirm that they are and will be bound by any mechanically applied signatures applied to this Power of Attorney.



Paul A. Bergenholtz, Assistant Secretary

John P. Hyland, Assistant Vice President

STATE OF CONNECTICUT } ss. Hartford
COUNTY OF HARTFORD }

On this 19th day of September, 2000, before me personally came John P. Hyland, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Hartford, State of Connecticut; that he is the Assistant Vice President of the Companies, the corporations described in and which executed the above instrument; that he knows the seals of the said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed by authority of the Boards of Directors of said corporations and that he signed his name thereto by like authority.



CERTIFICATE

Jean H. Wozniak
Notary Public
My Commission Expires June 30, 2004

I, the undersigned, Assistant Vice President of the Companies, DO HEREBY CERTIFY that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is still in full force effective as of December 17, 2008

Signed and sealed at the City of Hartford.



Colleen Mastroianni, Assistant Vice President